**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANNE MCELROY, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR JURY** |
| ZWICKER & ASSOCIATES, P.C., ) | **TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANNE MCELROY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ZWICKER & ASSOCIATES, P.C. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Griffin, Georgia 30223.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 80 Minuteman Road, Andover, MA 01810.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a debt of another person.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant and others it retained began, in or around February 2013 attempting to collect a consumer debt from Plaintiff.

12. The debt Defendant was attempting to collect, originally owed to GE Capital Retail Bank, arose out of transactions that were primarily for personal, family or household purposes.

13. Plaintiff never incurred any debt in connection with business or commercial activities, and therefore, the debt could only have arisen from finical obligation for primarily personal, family or household purposes.

14. Beginning in February 2013, and continuing through March 2013, Defendant

repeatedly and continuously contacted Plaintiff on her home and cellular telephones in its attempts to collect an alleged debt.

15. Defendant contacted Plaintiff, on average, one (1) to three (3) times a day.

16. Upon information and belief, Defendant contacted Plaintiff with such frequency for the sole purpose of annoying, abusing, and harassing her, believing that to do so would cause Plaintiff to make payment on the alleged debt.

17. Further, in its attempts to collect the alleged debt, Defendant called Plaintiff's mother.

18. Plaintiff never gave Defendant permission to communicate with any third party, including her mother, regarding the alleged debt.

19. During its conversation with Plaintiff's mother, Defendant told her that it was looking for Plaintiff and proceeded to inquire into personal details about Plaintiff.

20. For example, Defendant asked Plaintiff's mother whether Plaintiff had children and wanted to know details about the relationship that Plaintiff had with her mother.

21. Upon information and belief, Defendant asked Plaintiff's mother personal questions about Plaintiff in order to embarrass, scare, and harass Plaintiff, hoping that to do so would cause Plaintiff to make payment on the alleged debt.

22. Plaintiff was extremely embarrassed as a result of Defendant's conversation with her mother.

23. Further, at the time Defendant contacted Plaintiff's mother, it possessed valid contact information for Plaintiff; therefore, its statements were deceptive.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692b(1).

   a. Section 1692b(1) of the FDCPA states that when communicating with a third-party regarding a consumer's location information, the debt collector is to identify himself, state that he is confirming or correcting location information concerning the consumer, and only if expressly requested, identify his employer.

   b. Here, Defendant violated §1692b(1) of the FDCPA by asking Plaintiff's mother whether Plaintiff had children, and inquiring into the relationship that Plaintiff had with her mother.

### COUNT II

25. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §1692d of the FDCPA when it called Plaintiff's

mother and requested impermissible personal information about Plaintiff.

d. Further, Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day, numerous days a week.

WHEREFORE, Plaintiff, ANNE MCELROY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNE MCELROY, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/14/2013                KIMMEL & SILVERMAN, P.C.

By:*/s/ Craig Thor Kimmel*
Craig Thor Kimmel
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT